UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Jennifer L. R.,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Frank Bisignano[1], Commissioner of Social Security,<br><br>　　　　　　Defendant. | Civil No. 3:24-CV-01382 (MEG)<br><br>February 4, 2026 |

**RULING ON PLAINTIFF'S MOTION FOR APPROVAL OF
42 U.S.C. § 406(b) ATTORNEY'S FEES**

Pending before this Court is Plaintiff's Motion for Allowance of Attorney's Fees under 42 U.S.C. § 406(b)(1) of the Social Security Act (the "Act"). ECF. No. 15. Defendant, Commissioner of Social Security ("Commissioner") filed a response in its limited role as a quasi-trustee, setting forth the history of the case and applicable standard for the Court's consideration. ECF No. 17. For the reasons that follow, the Plaintiff's Motion is GRANTED. ECF No. 15.

**I.　PROCEDURAL BACKGROUND**

Attorney Ivan A. Ramos has represented Plaintiff since February 1, 2023, before this court for judicial review of the Commissioner's unfavorable rulings. *See* ECF No. 15, at 2. Plaintiff and Attorney Ramos entered into a contingency fee agreement whereby counsel would receive a fee in the amount of twenty-five percent of the past-due benefits awarded. ECF No. 15, Ex. A.

Plaintiff filed an application for Social Security disability benefits on February 28, 2019

---

[1]　When Plaintiff filed this action, she named the then-Commissioner of the Social Security Administration, Martin O'Malley, as defendant. Compl., ECF No. 1. Commissioner O'Malley no longer serves in that office. His successor, Commissioner Frank Bisignano, is automatically substituted as the defendant pursuant to Fed. R. Civ. P. 25(d). The Clerk of the Court is respectfully requested to amend the caption of the case accordingly.

1

with an alleged an onset date of disability of June 25, 2017. Plaintiff's claim for benefits was denied on October 17, 2019, and upon reconsideration on January 29, 2020. Thereafter, Plaintiff filed a written request for a hearing before an Administrative Law Judge (ALJ). On October 28, 2021, ALJ John Aletta held the first of three administrative hearings. On November 17, 2021, ALJ Aletta denied Plaintiff's application for disability benefits. On January 12, 2022, Plaintiff appealed the ALJ's denial to the Appeals Council. On December 6, 2022, the Appeals Council denied Plaintiff's request for review.

On February 1, 2023, the undersigned counsel commenced an action on behalf of Plaintiff pursuant to 42 U.S.C. § 405(g) and/or 42 U.S.C. § 1383 (c) (3) seeking to review the decision of the Commissioner of Social Security. *Roman v. Kijakazi*, 3:23-cv-00128-SDV. Plaintiff filed a Motion to Reverse the Decision of the Commissioner on June 12, 2023. ECF No. 18. On July 14, 2023, Defendant agreed to a voluntary remand to the Agency under Sentence Four of 42 U.S.C. § 405(g). ECF No. 22. On July 17, 2023, this Court entered a Judgment in accordance with the parties' stipulation for a remand. ECF No. 24.

Subsequent to the entry of judgment, Plaintiff's counsel made a request to the Commissioner for EAJA fees in the amount of $4,553.96 to be paid to Plaintiff's counsel. The Commissioner agreed to pay Plaintiff's counsel for approximately 19.5 hours of work at a $241.52 hourly rate. The Court approved the parties' Joint Stipulation for EAJA fees in the amount of $4,553.96. ECF No. 26.

After the remand, on March 7, 2024, ALJ John Aletta held a second administrative hearing in Plaintiff's case. On June 20, 2024, ALJ Aletta issued another decision denying Plaintiff's application for disability benefits. On August 28, 2024, Plaintiff filed an action pursuant to section 205 (g) of the Social Security Act, 42 U.S.C. § 405(g) seeking to review ALJ Aletta's second denial of Plaintiff's application for Title II disability benefits. *Roman v. O'Malley*, 3:24-cv-1382 -

MEG. ECF No. 1. Following the filing of the answer, the Commissioner filed a Motion for Remand on consent that was granted on October 22, 2024. ECF No. 12, 13. Judgment entered on October 24, 2024. ECF No. 14.

On October 9, 2025, a third administrative hearing before an ALJ was held in Plaintiff's case. This time, the hearing was held before a new ALJ, Alexander Borré. On November 14, 2025, ALJ Borré issued a fully favorable decision in Plaintiff's claim. The ALJ found that Plaintiff has been disabled under the Social Security act since June 25, 2017. ECF No. 15, Ex. C.

## II. TIMELINESS OF THE MOTION

Generally, a fee application under § 406(b) must be filed within 14 days after the entry of judgment. Fed. R. Civ. P. 54(d)(2)(B)(i). Rule 54(a)(2)(B) as applied to § 406(b) motions for attorneys' fees, requires that a party moving for attorneys' fees file the motion within 14 days of notice of a benefits award. *Sinkler v. Berryhill*, 932 F.3d 83, 85 (2d Cir. 2019). Additionally, a presumption applies that a notice is received "three days after mailing." *Id.* at 89 n.5; *see also* Fed. R. Civ. P. 6(d).

On December 24, 2025, the Administration issued a Notice of Award ("NOA"), advising that it was withholding twenty-five percent of the total past-due benefits, or $25,449.00, for the satisfaction of attorney's fees pursuant to Section 406(b) of the Act. ECF No. 15, Ex. D. Attorney Ramos advised the Court that, on or about December 26, 2025, the Social Security Administration ("SSA") paid Plaintiff's counsel $9,200 out of the past-due benefits owed to Plaintiff.

Plaintiff filed this Motion for Approval of 42 U.S.C. § 406(b) Attorney's Fees on January 2, 2026. Accordingly, the Motion for Approval of 42 U.S.C. § 406(b) Attorney's Fees was timely filed.

## III. THE REASONABLENESS OF THE REQUESTED FEE.

Section 406(b) provides, in relevant part, as follows:

3

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]

42 U.S.C. § 406(b)(1)(A). In other words, § 406(b) allows a successful claimant's attorney to seek court approval of his or her fees, not to exceed twenty-five percent of the total past-due benefits. Section 406(b) "calls for court review of [contingent-fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). This review is subject to "one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id.* "Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.*

Accordingly, a fee is not automatically recoverable simply because it is equal to or less than twenty-five percent of the client's total past-due benefits. "To the contrary, because section 406(b) requires an affirmative judicial finding that the fee allowed is 'reasonable,' the attorney bears the burden of persuasion that the statutory requirement has been satisfied." *Id.* at 807 n.17. As such, the Commissioner's failure to oppose the motion is not dispositive. *Mix v. Comm'r of Soc. Sec.*, No. 6:14-CV-06219 (MAT), 2017 WL 2222247, at *2 (W.D.N.Y. May 22, 2017). Several factors are relevant to the reasonableness analysis, including the following: (1) "whether the contingency percentage is within the 25% cap[;]" (2) "whether there has been fraud or overreaching in making the agreement[;]" and (3) "whether the requested amount is so large as to be a windfall to the attorney." *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990). Also relevant are the following: (1) "the character of the representation and the results the representative achieved[;]" (2) "the amount of time counsel spent on the case[;]" (3) whether "the attorney is responsible for

delay[;]" and (4) "the lawyer's normal hourly billing charge for noncontingent-fee cases." *Gisbrecht*, 535 U.S. at 808.

When determining whether a requested fee constitutes a windfall, courts are required to consider: (1) "the ability and expertise of the lawyers and whether they were particularly efficient[,]" (2) "the nature and length of the professional relationship with the claimant—including any representation at the agency level[,]" (3) "the satisfaction of the disabled claimant[,]" and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Fields v. Kijakazi*, 24 F.4th 845, 854-55 (2d Cir. 2022).

Here, Plaintiff's counsel seeks $25,449.00, which is not greater than 25 percent of the statutory cap of Plaintiff's past-due benefits. ECF No.15, Ex. D (NOA in the amount of $101,796.00 in past-due benefits). Utilizing the factors set forth above, the Court finds that there is no evidence of fraud or overreaching in the making of the contingency agreement between counsel and Plaintiff. ECF No. 15, Ex. A. Counsel's law firm provided effective representation of Plaintiff's interests since February 2023, resulting in Plaintiff successfully receiving the benefits sought. There is no reason to believe that Plaintiff is dissatisfied with the outcome of such representation. Here, the success of Plaintiff's claims was uncertain as demonstrated by multiple denials of her applications at the agency level. Accordingly, the hours expended by counsel's law firm were reasonable in light of the issues presented and the extent of representation.

The requested fee would result in a *de facto* hourly rate of $1,305.00 ($25,449.00 divided by 19.5 hours) for work performed over the course of several years. ECF No. 15, Ex. B. The Court finds that neither the *de facto* hourly rate, nor the overall requested attorneys' fees amount, constitutes a windfall. Attorney Ramos's efforts resulted in obtaining a "Sentence Four" remand twice and ultimately a favorable ruling by the ALJ awarding a retroactive benefit as of June 25, 2017. ECF No.15. The effective hourly rate of $1,305.00 within the range of other Section § 406(b)

5

fee awards approved in this Circuit. *See e.g.*, *Fields,* 24 F.4th at 854-56 (an effective hourly rate of $1,556.98 was not a "windfall"); *Sue-Anne O. M. v. Kijakazi*, No. 3:20-CV-00301 (MEG), 2023 WL 3737712, at *3 (D. Conn. May 31, 2023) (effective hourly rate of $1,100.82 was reasonable); *Bate v. Berryhill*, No. 18-CV-1229 (ER), 2020 WL 728784, at *3 (S.D.N.Y. Feb. 13, 2020) (the hourly rate of $1,506.32 was reasonable); *Valle v. Colvin*, No. 13-CV-2876 (JPO), 2019 WL 2118841, at *3 (S.D.N.Y. May 15, 2019) (effective hourly rate of $1,079.72 did not constitute "windfall" to counsel). Accordingly, in light of the above, the Court finds that a *de facto* hourly rate of $1,300.00 is reasonable and in line with awards generally approved in this District for similar work performed. The Court is also "mindful that 'payment for an attorney in a social security case is inevitably uncertain.'" *Buckley v. Berryhill*, 15-CV-0341-A, 2018 WL 3368434, at *2 (W.D.N.Y. July 10, 2018) (quoting *Wells*, 907 F.2d at 371). Accordingly, "the Second Circuit has recognized that contingency risks are necessary factors in determining reasonable fees under § 406(b)." *Id.* (quotation marks omitted).

The Court also notes that counsel is required to return the previously awarded EAJA fee of $4,553.96 to Plaintiff received in October 2023. ECF. No. 15-1 at 9, 11. *See Gisbrecht*, 535 U.S. at 796 ("Fee awards may be made under both [EAJA and § 406(b)], but the claimant's attorney must refund to the claimant the amount of the smaller fee . . . .").

Furthermore, counsel will also return to Plaintiff the $9,200.00 past-due benefits he received by direct deposit from the SSA on December 26, 2025. ECF No. 15-1 at 11.

IV.   **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Approval of 42 U.S.C. § 406(b) Attorney's Fees , (ECF No. 15) is granted, and the Court hereby orders as follows: (1) Plaintiff's counsel shall be paid attorneys' fees in the amount of $25,449.00 out of funds withheld from Plaintiff's past-due benefits; and (2) Plaintiff's counsel is hereby directed to refund to Plaintiff the previously awarded

6

EAJA fee of $4,553.96 and the $9,200.00 past-due benefits he received on December 26, 2025 and certify the refund to the Court within fourteen days of the transaction. The Court also notes that Plaintiff's counsel has waived his right to charge and collect a fee under Section 206(a) of the Social Security Act for work performed at the agency level.

This is not a Recommended Ruling. This is an order regarding attorney's fees which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made. *See Vainwright v. Berryhill*, No. 3:15CV01025(JCH)(SALM), 2017 WL 3493608, at *3 (D. Conn. Aug. 15, 2017)(ruling on a motion for attorney's fees pursuant to 42 U.S.C. § 406(b)(1)).

                                                                                 */s/ Maria E. Garcia, USMJ*
                                                                             Hon. Maria E. Garcia
                                                                      United States Magistrate Judge